In re Leroy A. BURWICK and Marguerite Burwick, husband and wife, d/b/a Burwick Fence Co., d/b/a Burwick Enterprises, Debtors.

MERRILL ASSOCIATES, a Washington corporation, Plaintiff,

v.

UNITED STATES INTERNAL REVENUE SERVICE; and Master–Halco, Inc., a California corporation; and Michael B. McCarty, Trustee, Defendants.

Bankruptcy No. 94–04550.
Adv. No. A95–01405.

United States Bankruptcy Court,
W.D. Washington.

Aug. 29, 1995.

Merrille A. MacLean, Barnett MacLean, Seattle, WA, for defendant Master–Halco, Inc.

Gina Zadra Walton, Davis Wright Tremaine, Seattle, WA, for plaintiff Merrill Associates.

Diane Tebelius, Asst. U.S. Atty., Seattle, WA, for defendant U.S.

## MEMORANDUM OPINION

SAMUEL J. STEINER, Bankruptcy Judge.

This matter is before the Court on the motion of the United States for reconsideration of the Court's ruling that Master–Halco's claim to interpleaded funds is superior to that of the government.

The facts are undisputed. On December 3, 1990, the IRS assessed the debtors with income taxes of $59,763.30 for 1989. On April 27, 1991, Master–Halco obtained a $92,714.92 judgment against the debtors in the local State Court. On December 2, 1991, the IRS assessed the debtors with taxes of $121,179.48 for 1989. On December 26, 1991, the IRS recorded a Notice of Federal Tax Lien in Snohomish County, Washington. On January 31, 1994, Master–Halco obtained a writ of garnishment against Merrill, the debtors' debtor. The writ was served on February 1, 1994; Merrill answered that it was holding $15,421.10 of funds owed to the debtors; and judgment in that amount was entered on the garnishment on February 24, 1994. On March 30, 1994, the IRS levied on Merrill for $287,630.94.

After filing, Merrill commenced this adversary proceeding, seeking to interplead the $15,421.10 and to recover its attorneys fees and costs. The United States moved for summary judgment, claiming a first right to the funds held by Merrill. Master–Halco filed its cross-motion. On June 26, 1995, the Court entered its Order which 1) granted the interpleader, 2) directed Merrill to deposit the funds into the Registery of the Court, 3) provided for the discharge of Merrill, 4) awarded it $1,000 for attorneys fees and costs, 5) denied the motion of the government, and 6) granted the motion of Master–Halco.

The United States has moved for reconsideration, again contending that it has a superior right to the funds; and that Merrill should not be awarded to its fees and costs, in that such a recovery diminishes the government's recovery on its federal tax liens.

■ It is undisputed that the IRS had a lien on all property of the debtor as of the date of assessments, and that its lien obtained priority over all subsequent liens on the date it was recorded. 26 U.S.C. Sec. 6321, 6322. Master–Halco's lien on the receivable due the debtors from Merrill arose when the writ of garnishment was served. Therefore, Master–Halco's lien was at all times subject to the IRS lien.

■ The IRS's lien continues until the liability for the amount assessed is satisfied or becomes unenforceable by reason of lapse of time. 26 U.S.C. Sec. 6322. A lien continues to attach to a taxpayer's property regardless of any subsequent transfer of that property. *U.S. v. Donahue Industries, Inc.,* 905 F.2d 1325 (9th Cir.1990). The IRS may collect the tax by administrative levy or court proceeding. *United States v. National Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). Any person in possession of the property subject to a levy must surrender the stated property upon demand, "except such part of the property ... as is, at the time of such demand, subject to an attachment or execution under any judicial process." Sec. 6332(a).

■ Further, if a levy is ineffective for any reason, the IRS may seek judicial assistance, such as reducing the tax assessment to judgment and foreclosing its lien on specific property. *United States v. National Bank of Commerce, Supra.* If a creditor initiates legal action against certain property and fails to name the United States as a party to the action, the IRS may intervene in order to assert the federal tax lien. James K. Wilkens and Thomas A. Matthews, *A Survey of Federal Tax Collection Procedure: Rights and Remedies of Taxpayers and Internal Revenue Service,* 3 Alaska L.Rev. 269 (1986). If the United States has a properly perfected lien and is not joined as a party, the action and any adjudication will not affect the lien. *Id. See also* Orland and Tegland, *Washing-*

*ton Practice,* Trial Practice § 541, at 276 (4th Ed.1986).

Accordingly, the Court concludes that the Merrill receivable and the proceeds from it were at all times subject to the lien of the IRS.

The Court also concludes that the IRS had a lien on the Merrill receivable due the debtors, which attached to the funds when Merrill received the funds, or when they became available from Merrill; that the lien is prior to that of Master–Halco; and therefore the motion for reconsideration should be granted.

The Court further concludes that inasmuch as the IRS has a prior lien on all of the funds, no portion of them can be properly used to defray's Merrill's costs incurred in initiating this interpleader action.